Filed 5/21/24  P. v. Lilyquist CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| THE PEOPLE, | C099644 |
| Plaintiff and Respondent, | (Super. Ct. No. F21000249) |
| v. | |
| HENRY PATRICK LILYQUIST, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Henry Patrick Lilyquist asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to Lilyquist, we will affirm the judgment.  We shall order the trial court clerk to correct a clerical error in the abstract of judgment.

1

BACKGROUND

On August 29, 2021, law enforcement conducted a traffic stop of the car Lilyquist was driving; the passenger was on searchable probation. Law enforcement searched the car and found the following: 30 grams of methamphetamine, drug paraphernalia, baggies, a digital scale, and $500 cash. While booking Lilyquist, law enforcement found a $20 bill in his pocket and thirteen $100 bills in a roll, tucked in Lilyquist's waistband.

The People charged Lilyquist with possession of methamphetamine for the purpose of sale. (Health & Saf. Code, § 11378.) Lilyquist filed a motion to suppress evidence, which the trial court denied. Lilyquist then entered into a negotiated plea agreement pursuant to which, Lilyquist pled guilty to possessing methamphetamine for the purpose of sale. In exchange for his plea, the People agreed Lilyquist would serve two years on formal probation, following a 90-day period of incarceration in county jail.

At sentencing, after speaking with Lilyquist and counsel, the trial court found Lilyquist was "willing to abide by the terms and conditions" of probation. The court also found it to be an unusual circumstance that Lilyquist had been "conviction free for a substantial period of time," and was mostly compliant with his pretrial release. Accordingly, the court suspended imposition of sentence and placed Lilyquist on two years of formal probation. The court ordered Lilyquist to serve 90 days in county jail and awarded him 49 days of custody credit.

Several months later, on February 9, 2023, the Nevada County probation department (the department) filed a petition alleging Lilyquist violated the terms of his probation. The alleged probation violations included new law violations, multiple failures to report to his probation officer, failure to submit to drug testing, and failure to comply with the inpatient substance abuse treatment program.

In July 2023, following a contested hearing, the trial court found Lilyquist violated the terms of his probation. The court terminated probation and sentenced Lilyquist to the middle term of two years in county jail pursuant to Penal Code section 1170, subdivision

2

(h)(5)(A). The court awarded Lilyquist 177 days of custody credit and imposed various fines and fees. On the People's motion, the trial court dismissed pending misdemeanor charges in Nevada County Superior Court case No. CR0003948.

Lilyquist filed a notice of appeal in October 2023; he did not obtain a certificate of probable cause. His *Wende* brief was filed in March 2024, and this case became fully briefed on May 1, 2024.

DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Lilyquist was advised by counsel of the right to file a supplemental brief within 30 days of the date the opening brief was filed. More than 30 days have elapsed, and we received no communication from Lilyquist.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to Lilyquist. However, we have discovered a clerical error in the abstract of judgment, which we shall order corrected. (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185 [a court with jurisdiction may correct clerical errors at any time so court records reflect a court's oral pronouncement of judgment].) The trial court imposed the middle term of two years. However, in item 1 of the abstract of judgment, where the court should indicate imposition of the low, middle, or upper term, the court put only an "X" and not an "M" reflecting the middle term.

Accordingly, we shall direct the clerk of the superior court to correct the abstract of judgment so that it accurately reflects the trial court's oral pronouncement of judgment. (*People v. Mitchell*, *supra*, 26 Cal.4th at pp. 185-186.)

3

## DISPOSITION

The judgment is affirmed.  The clerk of the superior court is directed to correct the abstract of judgment to reflect imposition of the middle term.


_____/s/_____
BOULWARE EURIE, J.


We concur:


_____/s/_____
HULL, Acting P. J.


_____/s/_____
DUARTE, J.

4